STATE ex rel. DONOVAN, Plaintiff, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, Defendant.

(No. 1,779.)

(Submitted February 13, 1902. Decided February 14, 1902.)

*Perjury—Preliminary Examination—Sufficiency of Evidence —Habeas Corpus—Filing Information—Leave of Court— Writ of Supervisory Control.*

1. On a preliminary examination for perjury before a committing magistrate, where the decree in the cause in which the alleged false testimony was given is offered in evidence, but the judgment roll is not admitted or considered, the evidence fails to show that the alleged false testimony was material to any issue in the cause, and the party cannot be held for trial.

2. On *habeas corpus* to secure the discharge of a prisoner held for perjury, where the petition avers that the transcript of the evidence in the case in which the alleged false testimony was given contains all the evidence, and the prosecuting attorney does not controvert such allegation, but the transcript does not show that the judgment roll was admitted or considered, the court will assume that it was not received, and therefore will grant the writ.

3. Under Penal Code, Secs. 1730-1732, no leave of court is necessary to file an information after commitment on preliminary examination, and a writ of supervisory control will not issue to compel the granting of leave.

4. Under Penal Code, Secs. 1730-1732, leave to file an information without a preliminary examination may be granted or refused, within the sound discretion of the court, when no statement is made to the court of the evidence upon which the state relies for a conviction, and a writ of supervisory control to revise such discretion will therefore be denied.

APPLICATION for a writ of supervisory control by the state, on the relation of James Donovan, attorney general, against the Second judicial district court in and for the county of Silver Bow. Writ denied.

*Mr. James Donovan, Attorney General, pro se.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On January 22, 1902, after a preliminary examination by John Nelson, a justice of the peace of Silver Bow county, one W. M. Ross was held to answer to the district court upon a charge of perjury. Ross, failing to give bond for his appearance, was committed to jail. On the following day he petitioned the district court of that county, Hon. J. B. McClernan, judge, presiding, for a writ of *habeas corpus,* asking for his release from custody on the ground that the evidence taken before the committing magistrate wholly failed to show reasonable or probable cause to believe that the petitioner was guilty of perjury, or any other offense, and therefore that his detention was illegal. The petition was accompanied by a transcript of the evidence taken before the committing magistrate, and alleged that the transcript contained the whole of such evidence. After a hearing by the district court, an order was made discharging the prisoner on the ground that the evidence failed to show probable cause. The attorney general, deeming the county attorney of Silver Bow county disqualified by reason of his previous connection with the litigation in the cause in the district court of Silver Bow county, in which the perjury by Ross is alleged to have been committed, appeared for the state both at the preliminary examination held by the magistrate and at the hearing of the *habeas corpus* proceedings in the district court. After the prisoner was discharged, the attorney general presented his written application to the district court asking leave to file an information against Ross charging

him with the crime of perjury.   Such leave was refused by the court, the judge thereof remarking that it was his opinion that before an information should be filed in the district court another preliminary examination should be had before a committing magistrate.   The attorney general thereupon, on February 13, filed in this court his petition setting forth the history of the proceedings in the district and justice's courts of Silver Bow county, together with a transcript of the evidence submitted to the district court at the hearing on the application for the writ of *habeas corpus,* and asked this court to issue its writ of supervisory control to the district court, with direction to it to vacate and set aside the order of discharge, and to permit the information to be filed:

Without considering the question whether the extraordinary power of this court may be invoked in every case where the district court has acted erroneously in making an order of discharge upon *habeas corpus,* we are satisfied upon the showing before us that the district court committed no error in granting the order discharging the prisoner.   There was no evidence before that court tending to show that the crime charged had actually been committed by Ross.   The cause in which he is alleged to have testified falsely was the cause of Bordeaux against Bordeaux, tried and disposed of in that court during the month of August of last year.   The transcript of the evidence taken before the committing magistrate and submitted to the district court does not show that his testimony was upon any material issue involved in the case of Bordeaux against Bordeaux.   Indeed, there is no showing as to what the issues in that cause were.   The transcript of the evidence shows distinctly that the decree in the case of Bordeaux against Bordeaux was offered in evidence in the preliminary examination before the committing magistrate, but it fails to set out the judgment roll, or any part thereof, and it does not appear that the judgment roll was admitted or considered by the committing magistrate.   The transcript of the proceedings discloses that one of Ross' attorneys made the following offer: "Now,

I offer the entire judgment roll and decree in the district court, —not part of it, but all of it,—in case No. 7,763, being contained in four typewritten pages, and indorsed upon the back, the decree: 'Filed September 28, 1901. Samuel M. Roberts, Clerk, by J. F. Davies, Deputy,'—being the original decree, signed by his honor Judge Clancy. Is there any objection to that?" To this the first assistant attorney general replied, "No; let it go." If the foregoing statement of what occurred at the hearing stood alone, we might possibly infer from it that the whole of the judgment roll was admitted and considered by the magistrate. In view of the fact, however, that the petition for the writ of *habeas corpus* addressed to the district court stated that the transcript contained the whole of the evidence heard by the magistrate, and that the attorney general appeared in that proceeding, and did not controvert the allegation of the petition, thus admitting its truthfulness, we must conclude that such evidence was not admitted nor considered by the committing magistrate. It therefore could not have been considered by the district court, as the matter was there presented. Hence the conclusion of the district court was correct that the committing magistrate had no evidence before him tending to show that the alleged false testimony given by Ross in the case of Bordeaux against Bordeaux was material to any issue therein.

Furthermore, if the attorney general, in making his request to the district court for leave to file an information, was doing so in order that he might file it after commitment upon preliminary examination under Sections 1730-1732 of the Penal Code, then his request was unnecessary, as no permission of court is required in such case; and a petition for a writ of supervisory control would not lie to compel the court to give the prosecuting attorney leave to do what he could do without such leave. If, however, the attorney general considered that the action of the district court in the *habeas corpus* proceedings had finally disposed of the case under the commitment by the magistrate, and desired to ask leave to file the information

under the provisions of the sections cited, as if no commitment proceedings had been had, then his petition for a writ of supervisory control must be denied, for the reason that it lies within the sound discretion of the court to grant or refuse such leave to file the information when no statement is made to the court of the evidence upon which the state would rely for a conviction.

Nothing herein shall be construed, however, to the effect that this court holds that the writ of supervisory control is the proper remedy in case such a statement had been made to the court and it had refused leave to file the information. This question, not being before us, is reserved.

There is a suggestion in the petition of the attorney general that the district judge was moved by prejudice in making the order of discharge and in refusing leave to file the information, by reason of an alleged former connection with the case of Bordeaux against Bordeaux as counsel for the plaintiff. As the reasons stated dispose of this application, we have not deemed it necessary to consider the matter of prejudice.

The application for the writ is denied, and the proceeding dismissed.

*Dismissed.*